BY THE COURT.
Without at this time going into an examination of the points argued, as to the irregularities of the proceedings by the insolvent, before the plaintiff’s conduct in his official relation to the insolvent’s effects,'since the assignment to him, we feel clear in expressing our opinion upon one branch of the case before us, which we now do, because it may disengage a portion of the money in controversy from litigation, and place it where the person having the legal right may receive it.
The assignment to the commissioner of insolvents was made on the 14th of December, 1832. Eleven days before the assignment, they were levied on by the sheriff. Our insolvent law does not assert the retroactive principle of a bankrupt law. An assignment to the insolvent commissioner only transfers the property the insolvent had at Its date; it is not supposed to affect any that he may have held at any time before that time. The right of the sheriff to make the first levy, therefore, it seems to us, is clear. The property so taken Is not affected by the posterior assignment. As to the proceeds of the first levy, the law is with the defendant.
The questions arising out of the second levy are of greater diffi"Culty; and, inasmuch as the opinion just expressed will enable the judgment creditor to make the greater part of his levy available, we feel less reluctant to adjourn the residue of the case to the court in bank. It involves the contraction of our insolvent laws, which are not very carefully worded, and it is desirable to get the opinion of *the whole Court. As we adjourn the cause, we forbear [261 «■ny opinion now upon any of the points raised.
*266 H@p”The court in Bank did not decide the cause. It was discussed at length by Morris, for the plaintiff, and C. J. Wright and Starr, for the defendant, and the judges were equally divided in. opinion. The cause was then continued in the county of Hamilton.